**VIA ECF**
Hon. Ona T. Wang, U.S.M.J.
United States District Court
For the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

# Kennedys

| |
|---|
| 22 Vanderbilt |
| 24h Floor |
| New York |
| New York 10017 |
| USA |
| T +1 212.252.0004 |
| F +1 212.252.0444 |
| **www.kennedyslaw.com** |
| 1+646.625.3951 |
| Sean.Burns@kennedyslaw.com |
| July 10, 2025 |

Re:     *Sheri Butler Brockington, on behalf of herself and others Similarly
        situated v. Eden Brands Inc.*
        Case No.: 1:25-cv-02881-GHW-OTW

**Joint Letter Regarding Pre-Answer Motion Practice and Discovery Deadlines**

Dear Hon. Judge Wang,

The parties write in reference to the above referenced action.

As brief background, Plaintiff filed a Summons and Complaint in The United States District Court for the Southern District of New York on April 7, 2025. (ECF No. 1). On April 7, 2025, Plaintiff sent Defendant a request to waive service of summons and Complaint which was agreed upon, thus the original deadline for Defendant to respond to the complaint herein was June 6, 2025. On June 5, 2025, previous counsel for defendant in this matter submitted a Letter Motion regarding Consented-to extension of Time as to Responding to the complaint herein, in which defendant, with consent of plaintiff, respectfully requested the Court extend the deadline for Defendant to respond to the Complaint herein to June 20, 2025. (ECF No.:12). This court granted this extension on June 6, 2025. (ECF No.:12).

On June 18, 2025, Defendant executed a Consent to Change Attorney from previous counsel K&L Gates LLP ("K&L Gates") to Kennedys CMK LLP ("Kennedys"). (ECF No.: 13). Kennedys filed a Notice of Appearance on June 18, 2025 as well (ECF No.: 14). Also on June 18, 2025, Plaintiff consented to Defendant receiving a 30-day extension to respond to their summons and complaint, and thus Defendants filed a letter motion requesting such a 30-day extension. (ECF No.:15). On June 20, 2025, this court granted the June 18, 2025 letter motion, extending the date to respond to plaintiff's complaint until July 18, 2025. (ECF No.:16).

On or before July 18, 2025, Defendant plans to file a pre-answer motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the bases that Plaintiff's complaint does not adequately state a claim for which relief can be granted insofar as Plaintiff fails to adequately and sufficiently alleges a Do-Not-Call ("DNC") Claim under section 227(c)(5) of the TCPA for facts supporting the essential

1

elements required for such a claim; alternatively, Plaintiff does not plausibly allege that they registered their phone number to the DNC registry as required by the TCPA or that they are a "residential subscriber". The Plaintiff intends to oppose that motion as her complaint alleges that "the number is used by the Plaintiff for personal purposes" and that it is "not associated with a business". *See* ECF No. 1 at ¶16-17.

On July 9, 2025, the parties to this action met and conferred regarding the pre-answer motion to dismiss via Telephone Call as required by Individual Practices in Civil Cases for United States Magistrate Judge Ona T. Wang, Rule V(b) (April 9, 2025). Plaintiff has informed Defendant that they will be opposing the motion.

Prior to Kennedys being substituted in as counsel on for Defendant in place of K&L Gates, counsel from K&L Gates agreed to an Fed. R. Civ. P. 26(f) conference schedule with Plaintiff's counsel. This schedule and subsequent discovery demands made by plaintiff were not uploaded to PACER. The Plaintiff's position is that his discovery requests do not need to be uploaded to PACER as they were served on prior counsel of record (K&L Gates) and were not timely responded to.

Further, K&L Gates did not apprise Kennedys of any outstanding discovery nor any 26(f) discovery schedule prior to Kennedys assuming the representation of defendants in this matter. On June 23, 2025; July 2, 2025; and July 9, 2025 Kennedys requested K&L Gates transfer all files and relevant documentation as to this matter in their possession as to this matter to Kennedys. The representatives from K&L Gates have been unresponsive and in-turn, Defendant's current representation was unaware of any previously agreed to pre-answer discovery schedules and demands as made by plaintiff. As a result of this, Defendant was unaware of any July 3, 2025 discovery deadline as imposed by Plaintiff's June 3, 2025 discovery demands.

On July 6, 2025, Kennedys received Plaintiff's First Set of Discovery Requests for the first time via email from Plaintiff's counsel but there is no dispute that they were served on K&L Gates following the 26(f) conference.

Between July 6 and July 9, 2025, counsel for both parties exchanged multiple emails and participated in a telephonic meet-and-confer regarding discovery pursuant to Rule IV(b) of United States Magistrate Judge Ona T. Wang's Individual Practices in Civil Cases. Following these discussions, the parties agreed to jointly submit this letter.

The parties respectfully request that the Court clarify the applicable discovery deadlines in light of Defendant's anticipated pre-answer motion to dismiss. Pending the Court's directive, Plaintiff has agreed to extend Defendant's deadline to respond to the June 3, 2025 discovery requests, which include Interrogatories, Requests for Production, and Requests for Admission.

The parties further request that the Court approve this agreed-upon extension and provide direction regarding the discovery schedule in view of the forthcoming motion practice. If

necessary, the parties are prepared to provide briefing on the Defendant's requested motion to stay.

Respectfully Submitted,

KENNEDYS CMK LLP

Sean T. Burns
*Attorneys for Defendant*
EDEN BRANDS INC.
22 Vanderbilt, 24th Floor
New York, New York 10017
(646)625-3951
Sean.Burns@kennedyslaw.com

PARONICH LAW, P.C.


*/s/ Anthony Paronich*
Anthony Paronich
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
Anthony@paronichlaw.om