UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

SHERI BUTLER BROCKINGTON, on behalf of herself
and others similarly situated,

        Plaintiff,

                                                Case No.: 1:25-cv-02881

  v.

EDEN BRANDS INC.,

        Defendant.
_____

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EDEN BRANDS INC. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6)

                                                  **Respectfully Submitted,**

                                                  **KENNEDYS CMK LLP**
                                                  Sean T. Burns, Esq.
                                                  *Attorneys for Defendant*
                                                  *Eden Brands Inc.*
                                                  22 Vanderbilt Avenue, 24th Fl.
                                                  New York, New York 10017
                                                  Telephone: (646)625-3951
                                                  Sean.Burns@kennedyslaw.com

## **TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………….. 1

RELEVANT ALLEGATIONS…………………………………………………………… 1

APPLICABLE LEGAL STANDARDS………………………………………………….. 2

ARGUMENT

    I.    THE COMPLAINT SHOULD BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA …………………… 3

        A.  Plaintiff Does Not Plausibly Allege She Registered Her Phone Number To The National Do Not Call Registry As Required By The TCPA……………………..…………….. 4

        B.  Plaintiff Does Not Plausibly Allege She is a "Residential Subscriber".... 5

        C.  The DNC Registry Provisions of the TCPA Are Not Applicable to Cellular Phones……………………………………. 9

CONCLUSION…………………………………………………………………... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Abrahamian v. loanDepot.com LLC,
    No. 23-cv-00728, 2024 WL 1092442 (D. Ariz. Mar. 13, 2024)..........................................5
Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..........................................................................................................3
Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..........................................................................................................3
Cacho v. McCarthy & Kelly LLP,
    739 F. Supp. 3d 195 (S.D.N.Y. 2024)............................................................................6, 7
Callier v. Am.-Amicable Life Ins. Co. of Texas,
    No. EP-22-CV-00018, 2022 WL 17732717 (W.D. Tex. Oct. 18, 2022)............................5
Cunningham v. McDonald,
    No. 15-cv-215, 2018 WL 6737418 (M.D. Tenn. Nov. 5, 2018).........................................6
Faber v. Metro. Life Ins. Co.,
    648 F.3d 98 (2d Cir. 2011)................................................................................................2
Gillam v. Reliance First Cap., LLC,
    No. 21CV4774JMAJMW, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023)................ 6, 7, 8, 9
Goldman v. Belden,
    754 F.2d 1059 (2d Cir. 1985)............................................................................................3
Hicks v. Alarm.com, Inc.,
    No. 20-cv-532, 2020 WL 9261758 (E.D. Va. Aug. 6, 2020) .............................................7
In re NYSE Specialists Sec. Lit.,
    503 F.3d 895 (2d Cir. 2007 ...............................................................................................3
Kemen v. Cincinnati Bell Tel. Co. LLC,
    No. 22-cv-152, 2023 WL 361136 (S.D. Ohio Jan. 23, 2023) ............................................6
Kennedy v. FHIA, LLC,
    No. 6:24-CV-246, 2024 WL 4905444 (M.D. Fla. Nov. 27, 2024) .....................................5
Loper Bright Enterprises v. Raimondo,
    144 S. Ct.  (2024)...............................................................................................................9
Lyman v. Quinstreet, Inc.,
    No. 23-cv-05056, 2024 U.S. Dist. LEXIS 123132 (N.D. Cal. July 12, 2024) .................10
Melito v. AM. Eagle Outfitters, Inc.,
    2015 WL 77365473 (S.D.N.Y. Nov. 30, 2015.................................................................3
Nichols v. eHealthInsurance Servs., Inc.,
    No. 23-CV-06720, 2025 WL 689721 (N.D. Cal. Mar. 3, 2025).........................................5
Rombough v. Robert D. Smith Ins. Agency, Inc.,
    2022 WL 2713278 (N.D. Iowa June 9, 2022) ...............................................................4, 5
Sterling v. Securus Tech., Inc.,
    No. 18-cv-1310, 2019 WL 3387043 (D. Conn. Jul. 26, 2019) ..........................................4
Stevens-Bratton v. TruGreen, Inc.,
    437 F. Supp. 3d 648 (W.D. Tenn. 2020)...........................................................................6
Strange v. ABC Co.,
    No. 19-cv-1361, 2021 WL 798870 (W.D. La. Mar. 1, 2021)............................................6
v. McKesson Corp.,
    No. 23-1226, 2025 U.S. LEXIS 2385 (June 20, 2025) .....................................................9

**Statutes**

47 U.S.C. § 227(b)(1)(A)-(B), (c)(5) ................................................................................................ 4
47 U.S.C. § 227(c) ............................................................................................................. 4, 5, 6, 10
47 U.S.C. § 227(c)(1) ...................................................................................................................... 9
47 U.S.C. § 227(c)(5) ............................................................................................................. passim

**Rules**

Fed. R. Civ. P. 8(a) ......................................................................................................................... 3
FED. R. CIV. P 12(b)(6) ......................................................................................................... passim

**Regulations**

47 C.F.R. § 64.1200(c) ................................................................................................................ 4, 9
47 C.F.R. § 64.1200(c)(2) ........................................................................................................... 3, 4
47 C.F.R. § 64.2305(d) ................................................................................................................... 6

**Other Authorities**

Lirones v. Lead Home Water Sols., LLC 5:23-cv-02087,
   2024 U.S. Dist. LEXIS 165900, at *8–9 (N.D. Ohio Sept. 16, 2024) ................................. 7

**INTRODUCTION**

Plaintiff, Sheri Butler Brockington's ("Plaintiff") Complaint (Dkt. 1) falls short of alleging a plausible claim against Eden Brands Inc., ("Eden"). Plaintiff seeks to hold Eden liable under 47 U.S.C. § 227(c)(5) also known as the National Do-Not-Call ("DNC") Registry provision of the Telephone Consumer Protection Act ("TCPA"), but Plaintiff's allegation that Eden violated the TCPA fails for at least three reasons. First, Plaintiff concedes that she did not register her number on the DNC Registry and admits that the phone number at issue was registered at least a decade prior to her "acquir[ing]" that number. Compl. ¶ 14-15. Second, Plaintiff fails to allege facts sufficient to establish that her telephone was actually used for "residential purposes" as required by this Court and others within the Second Circuit. Lastly, even if this Court deems Plaintiff pled specific facts to sufficiently allege they used the cellular telephone in question in a residential manner, the DNC provision of the TCPA is not applicable to calls placed to Plaintiff's cellular telephone number, as it applies only to "residential subscribers" and not to cellular phones. Accordingly, Plaintiff fails to adequately allege Eden violated the TCPA, in that Plaintiff fails to demonstrate she meets the requisite qualifications to pursue an action under the DNC Registry provision of the TCPA, 47 U.S.C. § 227(c)(5). Thus, the Complaint should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6). As Plaintiff cannot cure these deficiencies, the Complaint should be dismissed with prejudice.

**RELEVANT FACTUAL ALLEGATIONS**

Plaintiff's Complaint contains a plethora of conclusory allegations which are woefully short of adequately pleading a plausible claim for which relief can be sought under section 227(c)(5) of the TCPA. In pertinent part, Plaintiff alleges that in December of 2023, she "acquired" the cellular telephone number at issue, 423-718-XXXX. Compl. ¶ 14. She also alleges that that phone number was that was placed on the National DNC Registry in 2013 - **ten years prior to when she acquired the number.** Id. ¶ 14-15. Plaintiff admits that she

neither registered the 423-718-XXXX phone number, at issue in this litigation, with the Do Not Call Registry, nor directed anyone else to do so on her behalf. Importantly, based on the allegations of the complaint, she could not have caused the number to be registered because it was not her number at the time it was registered. Indeed, Plaintiff does not plead any specifics as to the actual date or means which the phone number subject to this litigation was registered to the DNC. Instead, the Complaint simply alleges that "The Plaintiff's phone number 423-718-XXXX has been on the National Do Not Call Registry since 2013." Id. ¶ 14-15.

Plaintiff further alleges that on numerous dates in June, July, August, September, October, and November 2024, she received text messages from a phone number purporting to be Eden Brands. Id. ¶19-20. Plaintiff attaches photographs of these alleged messages in a unorganized manner which does not display the full date inclusive of the year in which these text messages were received. Id. ¶ 20.

While Plaintiff alleges that "the number is used by the Plaintiff for personal purposes" and "the number is not associated with a business," she does not allege any specific manner in which their use of the phone number subject to this litigation is residential. Id. ¶16. Further, Plaintiff's allegation that "the number is not associated with a business" is not substantiated by any prior or subsequent factual allegations which adequately state how the phone number has ever been associated with a business. Id. ¶ 17.

## APPLICABE LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to

2

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, however, the Court should determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). A complaint must plead "factual content" more than "[t]hreadbare recitals of the elements" or "conclusory statements" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. "[L]egal conclusions, deductions or opinions couched as factual allegations" are not entitled to a presumption of truthfulness." In re NYSE Specialists Sec. Lit., 503 F.3d 89, 95 (2d Cir. 2007). See Also Melito v. AM. Eagle Outfitters, Inc., 2015 WL 7736547 at *3 (S.D.N.Y. Nov. 30, 2015) ("[L]egal conclusion[s] couched as factual allegation" will not prevent dismissal.)

**ARGUMENT**

**I.   THE COMPLAINT SHOULD BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA**

Plaintiff's Complaint fails to adequately assert a cause of action for violation of Section 227(c)(5) of the TCPA, which prohibits "initiating" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" to the national DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Thus, for a Plaintiff to properly assert a private cause of action pursuant to 227(c)(5) of the TCPA, the Plaintiff must adequately allege the defendant (1) initiated more than one "telephone solicitation call" within a 12-month period; (2) to a

3

"residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry; (3) without the prior consent of the recipient. See <u>Sterling v. Securus Tech., Inc.</u>, No. 18-cv-1310, 2019 WL 3387043, at *5-6 (D. Conn. Jul. 26, 2019); 47 U.S.C. § 227(b)(1)(A)-(B), (c)(5); 47 C.F.R. § 64.1200(c)(2). Here, Plaintiff does not plead sufficient facts supporting such a claim, instead relying on conclusory statements which are plainly insufficient. Accordingly, the Complaint should be dismissed.

### A. <u>Plaintiff Does Not Plausibly Allege She Registered Her Phone Number To The National Do Not Call Registry As Required By The TCPA</u>

Plaintiff's TCPA claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) should be dismissed because she has not plausibly alleged that she registered, or caused to be registered the telephone number at issue on the National DNC Registry. In fact, Plaintiff expressly pleads that she did not acquire the number until December 2023, yet also alleges the number had been registered on the DNC Registry since 2013--ten years prior. Compl. ¶¶ 14–15. Plaintiff neither alleges that she registered the number herself, nor that anyone did so on her behalf. Further, Plaintiff does not allege the identity of anyone who registered it the telephone number subject to this litigation.

These pleading failures are fatal to her claim under the plain language of the regulation, which prohibits telephone solicitations to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). In <u>Rombough v. Robert D. Smith Ins. Agency, Inc.</u>, the court dismissed a TCPA claim under Rule 12(b)(6) where the plaintiff failed to allege that she personally registered the number on the DNC Registry. <u>Rombough v. Robert D. Smith Ins. Agency, Inc.</u>, 2022 WL 2713278, at *3 (N.D. Iowa June 9, 2022). There, the court held that the absence of an allegation tying the plaintiff to the registration meant the claim failed under the statute's plain language.

While subsequent courts have criticized or declined to follow <u>Rombough</u>, none have addressed a case where, as here, the plaintiff explicitly alleges she acquired the number after it

4

was registered by someone else. See, e.g., <u>Abrahamian v. loanDepot.com LLC</u>, No. 23-cv-00728, 2024 WL 1092442, at *2 (D. Ariz. Mar. 13, 2024); <u>Nichols v. eHealthInsurance Servs., Inc.</u>, No. 23-CV-06720, 2025 WL 689721, at *3 (N.D. Cal. Mar. 3, 2025); <u>Kennedy v. FHIA, LLC</u>, No. 6:24-CV-246, 2024 WL 4905444, at *2 (M.D. Fla. Nov. 27, 2024); <u>Callier v. Am.-Amicable Life Ins. Co. of Texas</u>, No. EP-22-CV-00018, 2022 WL 17732717, at *5 (W.D. Tex. Oct. 18, 2022).

In those cases, the plaintiffs either alleged that they registered the number through an agent (e.g., a spouse), or that they possessed the number before the DNC registration occurred, allowing for a plausible inference that the plaintiff was connected to the registration. Here, Plaintiff does the opposite: she disclaims any connection to the registration and offers no facts to suggest she can assert a claim based on a registration made by an unknown third party years before she acquired the number.

Accepting such a claim would open the door to any person inheriting a previously registered number asserting a private right of action under the TCPA, regardless of whether they registered the number or even knew it was registered. That outcome is not supported by the language or purpose of the TCPA, and it has been expressly rejected by courts concerned with the scope of whom can plausibly allege a cause of action for which relief can be granted § 227(c). See <u>Rombough</u>, 2022 WL 2713278, at *3.

Accordingly, Plaintiff has failed to state a plausible claim under the TCPA and her complaint should be dismissed under Rule 12(b)(6).

### B. **Plaintiff Does Not Plausibly Allege They are a "Residential Subscriber"**

Plaintiff's Complaint does not adequately allege facts in a specific nor sufficient manner so as to plausibly allege that they are a residential subscriber pursuant to Section 227(c) of the TCPA, as required by this Court and other Courts in the Second Circuit. Section 227(c)(5) provides a private cause of action **only** to "Residential telephone subscribers." It is well

5

established that "'Residential subscriber,' as used in TCPA prohibition on contacting phones on DNC Registry, is one who maintains phone for residential purposes - i.e., for personal activities associated with his or her private, domestic life. Communications Act of 1934 § 227, 47 U.S.C.A. § 227(c); 47 C.F.R. § 64.2305(d)." Cacho v. McCarthy & Kelly LLP, 739 F. Supp. 3d 195 (S.D.N.Y. 2024). While a cellular phone can satisfy the "residential telephone subscriber" requirement, to do such a plaintiff **must plausibly allege actual facts** establishing that his cellular telephone is actually used for "residential purposes."  See Strange v. ABC Co., No. 19-cv-1361, 2021 WL 798870, at 4 (W.D. La. Mar. 1, 2021) (citing Cunningham v. McDonald, No. 15-cv-215, 2018 WL 6737418, at *2 (M.D. Tenn. Nov. 5, 2018) ("While a person utilizing a cellular phone may fall within the definition of a 'residential telephone subscriber' under the act, Plaintiff's pleadings allege only that calls were made to his cellular phone and he has pled no facts or offered evidence sufficient for the court to draw the conclusion that he has stated a cause of action under subsection (c)(5)."); see also Stevens-Bratton v. TruGreen, Inc., 437 F. Supp. 3d 648, 656 (W.D. Tenn. 2020) (noting that for a cellphone to satisfy the residential telephone subscriber element a plaintiff must put forth evidence establishing that their cellphone was actually used for residential purposes).

Federal courts within this circuit have held that in a claim for a violation of §227(c)(5) of the TCPA, that where Plaintiff's Complaint contained *only conclusory assertions* that "his cell phone was not associated with a business and has never been held out by plaintiff to the public and is primarily for personal use…" *plaintiff failed to plead any specific facts which the court could under the phone number was actually used for residential purposes, thus rendering their Section 227(c)(5) claim(s) vulnerable to dismissal*. Cacho 739 F. Supp. 3d at 195; Gillam v. Reliance First Cap., LLC, No. 21CV4774JMAJMW, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023); see also Kemen v. Cincinnati Bell Tel. Co. LLC, No. 22-cv-152, 2023 WL 361136, at *5 (S.D. Ohio Jan. 23, 2023) (finding a TCPA claim inadequately pled without allegations

6

showing residential use); <u>Hicks v. Alarm.com, Inc</u>., No. 20-cv-532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (same).

Further, in <u>Lirones v. Lead Home Water Sols., LLC</u>, No. 5:23-cv-02087, 2024 U.S. Dist. LEXIS 165900, at *8–9 (N.D. Ohio Sept. 16, 2024), the court emphasized that the applicability of the DNC rules to cellphones is not presumed and must be affirmatively supported by factual allegations. The court found dismissal appropriate where the plaintiff failed to allege a basis for applying the regulation to a mobile line.

In explaining what constitutes an adequate level of specificity when alleging causes of action under the TCPA, this Court has held that one must allege to be a residential subscriber under the TCPA. To do such, a Plaintiff must state allegations which are drastically more specific than "conclusory boilerplate" statements, in that they adequately state the specific residential uses for which plaintiff uses the cellphone with the phone number registered to the DNC. <u>Cacho</u> 739 F. Supp. 3d.

An example of what this Court has held to be adequate in specifically alleging one is a residential subscriber is as follows:

> Plaintiff personally registered his cellphone with the National Do Not Call Registry. That cellphone is plaintiff's personal phone that he uses for personal, family, and household use. Indeed, Plaintiff maintains no landline phones at his residence and has not done so for at least 15 years and primarily relies on cellular phones to communicate with friends and family. The Complaint enumerates the domestic tasks that he performs with his phone, including "sending and receiving emails, timing food when cooking, and sending and receiving text messages," and avers that "the phone is not primarily used for any business purpose."

<u>Id.</u>; see also (<u>Hicks v. Alarm.com</u>., No.20-cv-532, 2020 WL 9261758 at *5 (E.D. Va. Aug. 6 2020) (holding that a TCPA claim was inadequately pled when plaintiff's complaint did not include allegations showing how the telephone was residentially used.).

The <u>Gillam v. Reliance First Cap., LLC</u> and <u>Cacho v. McCarthy & Kelly LLP</u>, cases cited above are particularly instructive as to what is required to qualify as adequate factual

7

allegations establishing a cellphone as being used for residential purposes when determining if one is a residential subscriber. In Gillam, the court dismissed Plaintiff's complaint in its entirety with prejudice as a result of the Plaintiff's complaint containing only conclusory and boiler plate allegations that the "cellphone was not associated with a business and has never been held out by plaintiff to the public and is primarily for personal use…" Gillam, 2023 WL 2163775.

In the instant action, Plaintiff's complaint has strikingly similar conclusory statements as in the Gillam and Cacho cases, stating that "the number is used by the Plaintiff for personal purposes. The number is not associated with a business." Compl. ¶ 16-17. Plaintiff does not plead any allegations specifying any form of residential use for which the Plaintiff uses the cell phone as is required by the court. As held in Gillam, conclusory statements such as those made by the Plaintiff in the instant action fail to plead the requisite level of specific facts which the Court requires to deem that the phone number was actually used for residential purposes.

In determining whether a phone number registered to cellphone could be used to satisfy the "residential subscriber" prong of the TCPA, this Court in Cacho, citing Gillam, provided an example of what is adequate in plausibly pleading one is a residential subscriber, in that the plaintiff there alleged they actually registered the telephone number themselves and gave specific residential uses the plaintiff actually undertook, including sending and receiving text messages, timing food for cooking, and sending and receiving emails. Cacho, 739 F. Supp. In the instant action, plaintiff does not allege any such residential uses, again only noting that "The number is used by the Plaintiff for personal purposes. The number is not associated with a business." Compl. ¶ 15-16. When parties such as Plaintiff here decide to allege conclusory, boilerplate statements to purport that their phone number was "residential," courts have held that when "plaintiff failed to plead any specific facts which the court could under the phone

number was actually used for residential purposes, thus rendering their Section 227(c)(5) claim(s) vulnerable to dismissal." Gillam, 2023 WL 2163775.

In view of the foregoing, despite the plaintiff arguing that her cellphone was on the registry at the time of the alleged solicitation, she fails to allege <u>any</u> factual support regarding the actual use of her phone. Therefore, it is respectfully requested that Plaintiff's complaint be dismissed.

### C. The DNC Registry Provisions of the TCPA Are Not Applicable to Cellular Phones.

In the alternative, if this Court deems Plaintiff pled facts specific enough to sufficiently allege their use of the cellular telephone in question was in a residential manner, Plaintiff's claim still fails under the TCPA for the independent reason that the National DNC Registry provisions in 47 C.F.R. § 64.1200(c) do not apply to cellular telephones. The DNC Registry was promulgated under Section 227(c) of the TCPA, which authorizes the FCC to protect the privacy of "residential telephone subscribers." See 47 U.S.C. § 227(c)(1). Neither the statute nor its implementing regulation expressly extends these protections to cellular lines.

While the Federal Communications Commission ("FCC") has taken the position that wireless numbers are included in the DNC Registry framework, that position is based on agency interpretation, not statutory text. That interpretation should no longer control following the Supreme Court's decision in <u>Loper Bright Enterprises v. Raimondo</u>, 144 S. Ct. 2337 (2024), which abrogated <u>Chevron</u> deference and reaffirmed that courts must exercise independent judgment in interpreting statutes. See also <u>McLaughlin Chiropractic Assocs. v. McKesson Corp.</u>, No. 23-1226, 2025 U.S. LEXIS 2385, at *8–9 (June 20, 2025) (questioning the validity of FCC interpretations that extend beyond the clear scope of authorizing statutes).

Here, Plaintiff alleges only that her cellphone number was "on the National Do Not Call Registry since 2013." Compl. ¶ 15. But Plaintiff does not allege that the number was a "residential telephone" line, as the regulation requires, nor does she allege facts supporting an

inference that she qualifies as a "residential telephone subscriber" under § 227(c). Without such allegations, her claim is not legally cognizable.

Recent decisions support this view. In <u>Lyman v. Quinstreet, Inc.</u>, No. 23-cv-05056, 2024 U.S. Dist. LEXIS 123132, at *12 (N.D. Cal. July 12, 2024), the court held that a TCPA plaintiff must plausibly allege the phone number at issue qualified as a "residential" line, not just that it was listed on the registry.

The DNC registry protections are not a blanket extension to all wireless subscribers. Given Plaintiff's failure to allege that her number was a residential telephone line or that she qualifies as a "residential telephone subscriber" under § 227(c), her claim under the DNC Registry provisions of the TCPA should be dismissed under Rule 12(b)(6).

## CONCLUSION

.Plaintiff's claims are insufficiently pled and, in any event, cannot be sustained against Eden. Plaintiff fails to plausibly allege entitlement to relief, as they are not a "residential telephone subscriber" as required under Section 227(c)(5) of the TCPA. Additionally, Plaintiff has not established that they are the individual who registered the subject phone number on the National Do-Not-Call Registry, as expressly required by Sections 64.1200(c) and 227(c)(5) of the TCPA. Accordingly, Eden Brands Inc. respectfully submits that Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 18, 2025

                          **KENNEDYS CMK LLP**

                          Sean T. Burns
                          *Attorneys for Defendant*
                          **EDEN BRANDS INC.**
                          22 Vanderbilt, 24th Floor
                          New York, New York 10017

(646) 625-3951
Sean.Burns@kennedyslaw.com

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 18, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____
SEAN T. BURNS, ESQ.