Our Ref

# Kennedys

22 Vanderbilt
24h Floor
New York
New York 10017
USA
T +1 212.252.0004
F +1 212.252.0444

www.kennedyslaw.com

1+646.625.3951

Sean.Burns@kennedyslaw.com

July 18, 2025

**VIA ECF**
Hon. Ona T. Wang, U.S.M.J.
United States District Court
For the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Sheri Butler Brockington, on behalf of herself and others Similarly situated v. Eden Brands Inc.*
Case No.: 1:25-cv-02881-GHW-OTW

Letter Motion Requesting Discovery be Stayed in this Matter Pending the Court's Decision on our Pre-Answer Motion to Dismiss

Dear Hon. Judge Wang,

This office represents Defendant EDEN BRANDS INC (hereinafter "Eden"; "Movant" or "Defendant") in the above referenced action. Pursuant to Individual Practices in Civil Cases for United States Magistrate Judge Ona T. Wang, Rule IV(b) (April 9, 2025), we submit this letter motion to stay discovery pending resolution of Defendant's Motion to Dismiss the Complaint (ECF 18) which was filed today. The Motion to Dismiss presents three core arguments: (1) Plaintiff's complaint does not adequately state a claim for which relief can be granted insofar as Plaintiff fails to adequately and sufficiently alleges a Do-Not-Call ("DNC") Claim under section 227(c)(5) of the TCPA; (2) Plaintiff does not plausibly allege that they registered their phone number to the DNC registry as required by the TCPA; and, in the alternative, (3) Plaintiff does not qualify for DNC TCPA protection as cellular telephones do not qualify as "residential." As is required by Individual Practices in Civil Cases for United States Magistrate Judge Ona T. Wang, Rules (April 9, 2025), our office met-and-conferred with Plaintiff on July 9, 2025 via telephone call, at which time the parties were unable to come to an agreement regarding the stay of discovery. (ECF 17). Subsequently, the parties submitted a Joint-letter to this court apprising them of the dispute and requesting guidance as to such. Id. Given the gravity of the issues presented in the Motion to Dismiss, a brief stay of discovery until the Motion to Dismiss is decided is necessary to conserve judicial resources and avoid imposing an undue burden and expense on Defendant.

As this Court is aware, a Motion to Dismiss does not automatically stay discovery. Khan v. New York City, No. 24 Civ. 2168 (JAM), 2024 WL 4814236, at *4 (E.D.N.Y. Nov. 18, 2024). Instead, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Rule] 26(c). Gross v. Madison Square Garden Ent. Corp., No. 23-CV-3380, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023); see also Sigma Lithium Corp. v. Gardner, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024); see also Moore v. Johnson & Johnson No. 24-CV-6405 (DEH), 2025 WL 1569669, at 1 (S.D.N.Y. June

3, 2025) (noting that "Although, in general, a motion to dismiss does not automatically stay discovery, upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Federal Rule of Civil Procedure] 26(c)."). In evaluating whether good cause to stay discovery exists when a Motion to Dismiss is pending, courts consider "(1) whether the defendants have made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Palladino v. JPMorgan Chase & Co., No. 23-CV-1215, 2024 WL 1672282 (E.D.N.Y. Apr. 18, 2024). In this instant action, all three factors side in favor for a temporary stay of discovery until the resolution of Defendant's Motion to Dismiss.

### A. Defendant's Strong Showing that Plaintiff's Complaint is Unmeritorious

To warrant a stay of discovery pending resolution of a Motion to Dismiss, the Movant must "raise substantial issues with regard to . . . the causes of action alleged in the complaint." Palladino, 2024 WL 312522, at *2 (quoting Chesney v. Valley Stream Union Free School Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)). This court has held when a Motion to Dismiss is pending, a Defendant's Motion to Dismiss "is sufficient to support a stay because it 'is potentially dispositive and appears to not be unfounded in the law.'" Negrete v. Citibank, N.A., No. 15-CV-7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). Thus, where a Movant's Motion to Dismiss raises potential viable defenses to the claimant, this court has held they "are at least sufficient to establish that the Defendants have 'substantial arguments for dismissal of many, if not all, of the claims asserted." Moore, 2025 WL 1569669.

As presented in the Motion to Dismiss and as addressed below, Defendant has raised substantial arguments with regards to the causes of action in that Plaintiff failed to adequately allege a plausible cause of action for which relief can be granted. The motion argues, with strong legal support, that Plaintiff failed to state a cause of action for which relief can be granted as (1) Plaintiff's complaint fails to allege she is whom actually subscribed the phone number to the National DNC registry as required by the express statutory language of Section Sections 64.1200 an(c) and 227(c)(5) of the TCPA; (2) plaintiff's complaint failed to allege specific facts displaying that the phone number subject to this litigation (423-718-XXXX) was actually used for residential purposes as required in the Second Circuit for violation under 47 U.S.C. § 227(c)(5); and in the alternative, (3) Plaintiff does not qualify for DNC TCPA protection as cellular telephones do not qualify as "residential." Each of these substantial arguments are made on the basis of cogent legal precedent. As the aforementioned Motion to dismiss is potentially dispositive, is founded by judicial precedent, and defenses to Plaintiff's claims which courts have deemed to be viable, a stay of discovery is appropriate.

### B. Defendant's will be Subject to The Burden of Responding to a Wide Breadth of Discovery

When determining whether the breadth of discovery and the burden for which Defendant will incur in responding to such, courts look to the circumstances surrounding discovery, the scope of such, and the expense which Defendant will have to incur to comply with such. Negrete 2015 WL 8207466. Further, a stay is appropriate where "the breadth of discovery is broad and the burden of responding to [Plaintiffs'] propounded discovery requests, let alone

the request [they] may make in the future is substantial." Boelter v. Hearst Communs. Inc., No. 15-CV-03934, 2016 WL 361554 at *4 (S.D.N.Y. Jan. 28, 2016). As discussed in the July 10, 2025 Joint letter (ECF 17), prior to Defendant's current counsel being substituted in, prior-counsel agreed to an Fed. R. Civ. P. 26(f) conference schedule with Plaintiff's counsel. Prior-Counsel has been wholly non-responsive and did not apprise current counsel of any outstanding discovery nor any 26(f) discovery schedule prior to or since assuming the representation of Defendant, despite numerous follow-up emails and phone calls by current counsel. As a result, Defendant was unaware of any July 3, 2025 discovery deadline as imposed by Plaintiff's June 3, 2025 discovery demands. In fact, current counsel did not even receive a copy of the Plaintiff's discovery demands until Plaintiff's counsel emailed them to current counsel on July 6, 2025. They had not been previously efiled.

These June 3, 2025 demands request a wide breadth of information, including all software, vendor details, documentation, electronically stored information related to outgoing messages, statements, declarations, and policies/procedures as related to all uses covering the period from April 7, 2021 until present. This expansive time frame is disproportionate to the allegations in plaintiff's complaint, which alleges statutory violations in 2024 and acknowledges they did not posses the phone number at issue until 2023 (ECF 1). Plaintiff further demands information as to "Internal do-not-call or do not text lists" despite only asserting claims under the National Do-Not-Call-Registry Provision of the Telephone Consumer Protection Act.

Given the overbroad discovery sought by plaintiff at this posture, Defendant should not be required to expend substantial time, resources, and effort engaging in discovery at this early stage in the case.

### C. A Temporary Stay on Discovery would not Prejudice Plaintiff

The aforementioned Motion to Dismiss is potentially dispositive of all claims to this action, thus a stay pending its disposition will not unfairly prejudice Plaintiff. N.Y. by James v. P.A. Higher Educ. Assistance Agency, No. 19 Civ. 9155, 2020 WL 605944 at *1 (S.D.N.Y. Feb. 7, 2020); Moore, 2025 WL 1569669. Courts have also held that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." O'Sullivan v. Deutsche Bank AG, No. 17-CV-8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018).

As discussed above, all of the discovery for which Plaintiff seeks are documents and information which will not spoil nor be effected by the passage of time necessary for the court to rule on the Motion to Dismiss. Further, Plaintiff has demonstrated through their conduct that there is no need for immediate discovery, as per the Joint letter from July 10, 2025 (ECF 17) "Pending the Court's directive, Plaintiff has agreed to extend Defendant's deadline to respond to the June 3, 2025 discovery requests, which include Interrogatories, Requests for Production, and Requests for Admission." Thus, Plaintiff will not be prejudiced by a temporary stay of discovery while the court determines whether they had adequately plead a cause of action for which relief can be granted.

Hon. Ona T. Wang, U.S.M.J.
July 18, 2025
Page 4

Accordingly, for the reasons set forth above, Defendant Eden Brands Inc., respectfully requests a stay of discovery pending disposition of the Motion and requests a conference regarding such. Thank you for your consideration in this matter.

Respectfully Submitted,

KENNEDYS CMK LLP

Sean T. Burns
*Attorneys for Defendant*
EDEN BRANDS INC.
22 Vanderbilt, 24th Floor
New York, New York 10017
(646)625-3951
Sean.Burns@kennedyslaw.com