UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

SHERI BUTLER BROCKINGTON, on behalf of herself
and others similarly situated,

        Plaintiff,

    v.                                    Case No.: 1:25-cv-02881

EDEN BRANDS INC.,

        Defendant.
_____

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EDEN BRANDS INC. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6)

**Respectfully Submitted,**

**KENNEDYS CMK LLP**
Sean T. Burns, Esq.
***Attorneys for Defendant***
***EDEN BRANDS INC.***
22 Vanderbilt Avenue, 24th Fl.
New York, New York 10017
Telephone: (646)625-3951
Sean.Burns@kennedyslaw.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………. i

INTRODUCTION…………………………………………………………….. 1

RELEVANT FACTUAL ALLEGATIONS……………………………..………… 1

APPLICABLE LEGAL STANDARDS…………………………………………….. 2

ARGUMENT …………………………………………………………………….. 3

    I.    PLAINTIFF DOES NOT PLAUSIBLY ALLEGE SHE REGISTERED HER PHONE NUMBER TO THE NATIONAL DNC REGISTRY AS REQUIRED BY THE TCPA ……………………………………………………. 4

    II.    PLAINTIFF'S CLAIM FAILS BECAUSE THE NATIONAL DNC REGISTRY PROVISIONS DO NOT APPLY TO TEXT MESSAGE …………………………………………………. 6

        A. FCC Guidance No Longer Controls Post-Loper and McKesson …... 7

        B. The Supreme Court Has Directed Narrow Construction of TCPA Liability ...............................................................7

        C. Post-McKesson Decisions Confirm That "Telephone Calls" Do Not Encompass Text Messages ………………………………. 8

        D. Application to Plaintiff's Amended Complaint ………………………9

CONCLUSION……………………………………………………………….... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Abrahamian v. loanDepot.com LLC,
    No. 23-cv-00728, 2024 WL 1092442 (D. Ariz. Mar. 13, 2024)...................................................5

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..............................................................................................................2, 3

Barr v. Am. Ass'n of Political Consultants, Inc.,
    591 U.S. 69 (2020).......................................................................................................................7

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..............................................................................................................2, 3

Bostock v. Clayton Cnty.,
    590 U.S. 644 (2020)...................................................................................................................8

Cacho v. McCarthy & Kelly LLP,
    739 F. Supp. 3d 195 (S.D.N.Y. 2024)................................................................................7, 8

Callier v. Am.-Amicable Life Ins. Co. of Texas,
    No. EP-22-CV-00018, 2022 WL 17732717 (W.D. Tex. Oct. 18, 2022)..................................5

Davis v. CVS Pharmacy, Inc.,
    2025 WL 2491195 (N.D. Fla. Aug. 26, 2025) ........................................................................8

Faber v. Metro. Life Ins. Co.,
    648 F.3d 98 (2d Cir. 2011)........................................................................................................2

Facebook, Inc. v. Duguid,
    592 U.S. 395 (2021)...................................................................................................................7

Gerrard v. Acara Sols. Inc.,
    469 F. Supp. 3d 96 (W.D.N.Y. 2020)..................................................................................7, 8

Gillam v. Reliance First Cap., LLC,
    No. 21-CV-4774, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023)..........................................7, 8

Goldman v. Belden,
    754 F.2d 1059 (2d Cir. 1985) ...................................................................................................3

In re NYSE Specialists Sec. Lit.,
    503 F.3d 895 (2d Cir. 2007 .......................................................................................................3

In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,
    18 F.C.C. Rcd. 14014 (2003).....................................................................................................7

Jones v. Blackstone,
    2025 WL 2042764 (C.D. Ill. July 21, 2025)........................................................................8, 9

Kennedy v. FHIA, LLC,
    No. 6:24-CV-246, 2024 WL 4905444 (M.D. Fla. Nov. 27, 2024) ..........................................5

Loper Bright Enters. v. Raimondo,
    144 S. Ct. (2024) ..........................................................................................................7, 8, 10

McLaughlin Chiropractic Assocs. v. McKesson Corp.,
    No. 23-1226, 2025 U.S. LEXIS 2385 (June 20, 2025)............................................7, 8, 9, 10

Melito v. AM. Eagle Outfitters, Inc.,
    2015 WL 77365473 (S.D.N.Y. Nov. 30, 2015.........................................................................3

Nichols v. eHealthInsurance Servs., Inc.,
    No. 23-CV-06720, 2025 WL 689721 (N.D. Cal. Mar. 3, 2025)..............................................5

Rogers v. Assurance IQ, LLC,
　2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) ............................................................. 4, 5
Rombough v. Robert D. Smith Ins. Agency, Inc.,
　2022 WL 2713278 (N.D. Iowa June 9, 2022) ................................................................ 4, 6
Sterling v. Securus Tech., Inc.,
　No. 18-cv-1310, 2019 WL 3387043 (D. Conn. Jul. 26, 2019) ............................................. 3

**Statutes**

47 U.S.C. § 227(b)(1)(A)-(B), (c)(5) ............................................................................................ 3
47 U.S.C. § 227(c) ............................................................................................................. passim
47 U.S.C. § 227(c)(1) ................................................................................................................. 6
47 U.S.C. § 227(c)(5) ........................................................................................................ passim

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................................... 2
FED. R. CIV. P 12(b)(6) ................................................................................................... passim

**Regulations**

47 C.F.R. § 64.1200(c) ....................................................................................................... 4, 6, 8
47 C.F.R. § 64.1200(c)(2) ....................................................................................................... 3, 4
In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,
　18 F.C.C. Rcd. 14014, 14039 (2003)…………………………………………………….......7

**INTRODUCTION**

In her Amended Complaint (Dkt. 22), Plaintiff, Sheri Butler Brockington ("Plaintiff") still falls short of alleging a plausible claim against Eden Brands Inc., ("Eden"). Plaintiff seeks to hold Eden liable under 47 U.S.C. § 227(c)(5) also known as the National Do-Not-Call ("DNC") Registry provision of the Telephone Consumer Protection Act ("TCPA"), but Plaintiff's allegations that Eden violated the TCPA fails for at least two reasons. First, Plaintiff concedes that she did not register her number on the DNC Registry, instead admitting that the phone number at issue was registered at least a decade prior to her "acquir[ing]" that number. Amended Compl. ¶ 14-15. Second, Plaintiff fails to allege facts sufficient to establish that any alleged action taken by or on behalf of defendant violated the DNC provision of the TCPA, as this provision is only applicable to "telephone solicitation *calls*," which by the ordinary meaning at the time of the statutes enactment does not include text messages. Accordingly, Plaintiff fails to adequately allege Eden violated the TCPA, as Plaintiff fails to demonstrate she has met the requisite qualifications to pursue an action under the DNC Registry provision of the TCPA, 47 U.S.C. § 227(c)(5).

Thus, the Amended Complaint should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6). As Plaintiff cannot cure these deficiencies, the Amended Complaint should be dismissed with prejudice.

**RELEVANT FACTUAL ALLEGATIONS**

Plaintiff's Amended Complaint contains a plethora of conclusory allegations which are woefully short of adequately pleading a plausible claim for which relief can be sought under section 227(c)(5) of the TCPA. In pertinent part, Plaintiff alleges that in December of 2023, she "acquired" the cellular telephone number at issue, 423-718-XXXX. Amended Compl. ¶ 14. She also alleges that this phone number was that was placed on the National DNC Registry in 2013 - **ten years prior to when she acquired the number.** Id. ¶ 14-15. Plaintiff admits

that she neither registered the 423-718-XXXX phone number at issue in this litigation, with the Do Not Call Registry, nor directed anyone else to do so on her behalf. Id. ¶ 16-17.

Importantly, based on the allegations of the Amended Complaint, she could not have caused the number to be registered because it was not her number at the time it was registered. Plaintiff in fact concedes she does not, as she alleges that "when she attempted to register the number on the National Do not Call Registry, she was told it was already registered." Id. ¶ 16. Indeed, Plaintiff does not plead any facts regarding the actual date or means which the phone number subject to this litigation was registered to the DNC.

Plaintiff further alleges that on numerous dates in June, July, August, September, October, and November 2024, she received text messages from a phone number purporting to be Eden Brands. Id. ¶ 26-27. Plaintiff attaches photographs of these alleged messages in a manner which does not display the full date inclusive of the year in which these text messages were received. Id. ¶ 20. The Amended Complaint does not include allegations that Defendant made any telephone calls to her or any other individual, instead only alleging text messages were sent.

## APPLICABLE LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a).

2

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, however, the Court should determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). A complaint must plead "factual content" more than "[t]hreadbare recitals of the elements" or "conclusory statements" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. "[L]egal conclusions, deductions or opinions couched as factual allegations" are not entitled to a presumption of truthfulness." In re NYSE Specialists Sec. Lit., 503 F.3d 89, 95 (2d Cir. 2007). See also Melito v. AM. Eagle Outfitters, Inc., 2015 WL 7736547 at *3 (S.D.N.Y. Nov. 30, 2015) ("[L]egal conclusion[s] couched as factual allegation" will not prevent dismissal.).

## ARGUMENT

Plaintiff's Amended Complaint fails to adequately assert a cause of action for violation of Section 227(c)(5) of the TCPA, which prohibits "initiating" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" to the national DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Thus, for a Plaintiff to properly assert a private cause of action pursuant to 227(c)(5) of the TCPA, the Plaintiff must adequately allege the defendant (1) initiated more than one "telephone solicitation call" within a 12-month period; (2) to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry; (3) without the prior consent of the recipient. See Sterling v. Securus Tech., Inc., No. 18-cv-1310, 2019 WL 3387043, at *5-6 (D. Conn. Jul. 26, 2019); 47 U.S.C. § 227(b)(1)(A)-(B), (c)(5); 47 C.F.R. § 64.1200(c)(2). Here, Plaintiff does

3

not plead sufficient facts supporting such a claim, instead relying on conclusory statements which are plainly insufficient. Accordingly, the Amended Complaint should be dismissed.

I. **PLAINTIFF DOES NOT PLAUSIBLY ALLEGE SHE REGISTERED HER PHONE NUMBER TO THE NATIONAL DNC REGISTRY AS REQUIRED BY THE TCPA**

Plaintiff's TCPA claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) should be dismissed because she has not plausibly alleged that she registered, or caused to be registered the telephone number at issue on the National DNC Registry. In fact, Plaintiff expressly pleads that she did not acquire the number until December 2023, yet also alleges the number had been registered on the DNC Registry since 2013--ten years prior to the date she acquired the number. Amended Compl. ¶¶ 14–15. Plaintiff further concedes she was not able to register this inherited phone number, as it was registered prior to her ownership of such number. Amended Compl. ¶¶ 16. Plaintiff neither alleges that she registered the number herself, nor that anyone did so on her behalf, instead alleging the registration occurred prior to her use of the number. Further, Plaintiff does not allege the identity of anyone who registered the telephone number for her as she alleges no involvement in the registration, which was done prior to her acquisition of the number.

These pleading failures are fatal to her claim under the plain language of the regulation, which prohibits telephone solicitations to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). In Rombough v. Robert D. Smith Ins. Agency, Inc., the court dismissed a TCPA claim under Rule 12(b)(6) where the plaintiff failed to allege that she personally registered the number on the DNC Registry. Rombough v. Robert D. Smith Ins. Agency, Inc., 2022 WL 2713278, at *3 (N.D. Iowa June 9, 2022). There, the court held that the absence of an allegation tying the plaintiff to the registration meant the claim failed under the statute's plain language. Further, in Rogers v. Assurance IQ, LLC, the court dismissed a Plaintiff's TCPA claim on the basis that

4

Plaintiff did not expressly allege that Plaintiff themself or someone on their behalf actually registered the telephone number subject to that action. Rogers v. Assurance IQ, LLC, 2023 WL 2646468, at *4 (W.D. Wash. Mar. 27, 2023). Instead Plaintiff there only alleged that the telephone number was simply "registered on the National Do Not Call Registry." Id. The court further reasoned that the Section 227 of the TCPA expressly requires Plaintiff be who register the phone number and that Plaintiff's failure to allege that they actually registered the telephone number "*left interpretation that the numbers could have been registered by previous owners of those numbers rather than by Plaintiffs themselves*." Id.

While subsequent courts have declined to follow Rombough, none have addressed a case where, as here, the plaintiff explicitly alleges she acquired the number **after** it was registered by someone else. See, e.g., Abrahamian v. loanDepot.com LLC, No. 23-cv-00728, 2024 WL 1092442, at *2 (D. Ariz. Mar. 13, 2024); Nichols v. eHealthInsurance Servs., Inc., No. 23-CV-06720, 2025 WL 689721, at *3 (N.D. Cal. Mar. 3, 2025); Kennedy v. FHIA, LLC, No. 6:24-CV-246, 2024 WL 4905444, at *2 (M.D. Fla. Nov. 27, 2024); Callier v. Am.-Amicable Life Ins. Co. of Texas, No. EP-22-CV-00018, 2022 WL 17732717, at *5 (W.D. Tex. Oct. 18, 2022).

In those cases, the plaintiffs either alleged that they registered the number through an agent (e.g., a spouse), or that they possessed the number **before** the DNC registration occurred, allowing for a plausible inference that the plaintiff was connected to the registration. Here, Plaintiff does the opposite: she disclaims any connection to the registration and offers no facts to suggest she can assert a claim based on a registration made by an unknown third party years before she acquired the number. In fact, Plaintiff affirmatively alleges that her phone number was registered prior to her ownership of such, and that as a result she could not register such herself. Amended Comp. ¶¶ 16-17.

5

Accepting such a claim would open the door to any person inheriting a previously registered number asserting a private right of action under the TCPA, regardless of whether they registered the number or even knew it was registered. That outcome is not supported by the language or purpose of the TCPA, and it has been expressly rejected by courts concerned with the scope of whom can plausibly allege a cause of action for which relief can be granted § 227(c). See Rombough, 2022 WL 2713278, at *3.

Accordingly, Plaintiff has failed to state a plausible claim under the TCPA and her Amended Complaint should be dismissed under Rule 12(b)(6).

## II. PLAINTIFF'S CLAIM FAILS BECAUSE THE NATIONAL DNC REGISTRY PROVISIONS DO NOT APPLY TO TEXT MESSAGE

In the alternative, even if this Court were to find that Plaintiff has pleaded facts specific enough to state a claim notwithstanding Plaintiff's failure to personally register the subject telephone number with the National DNC Registry, the claim still fails under the TCPA. This is because, consistent with recent Supreme Court precedent, the National DNC Registry provisions codified at 47 C.F.R. § 64.1200(c) do not extend to text messages but rather apply only to telephone solicitations made by voice calls.

The DNC Registry was promulgated under Section 227(c) of the TCPA, which authorizes the Federal Communications Commission ("FCC") to protect the privacy of "residential telephone subscribers." 47 U.S.C. § 227(c)(1). To state a cause of action under Section 227(c)(5), a plaintiff must adequately allege that the defendant: (1) initiated more than one "telephone solicitation call" within a 12-month period; (2) to a "residential telephone subscriber" who has registered his or her number on the National DNC Registry; and (3) without the prior express consent of the recipient. Neither the statute nor its implementing regulations expressly extend these protections to text messages.

### A. FCC Guidance No Longer Controls Post-Loper and McKesson

While the FCC has previously taken the position that the term "telephone call" includes text messages, that interpretation arises from agency guidance, not from the statute's text. See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14039 (2003). Such non-binding interpretations no longer control after the Supreme Court's decision in Loper Bright Enters. v. Raimondo, 144 S. Ct. 2337 (2024), which abrogated *Chevron* deference and reaffirmed that courts must exercise independent judgment in statutory interpretation. See also McLaughlin Chiropractic Assocs. v. McKesson Corp., No. 23-1226, 2025 U.S. LEXIS 2385, at *8–9 (June 20, 2025) (questioning the validity of FCC interpretations extending beyond the clear scope of authorizing statutes).

District courts in this Circuit that have treated texts as "calls" have done so by deferring to FCC rules. See, e.g., Gillam v. Reliance First Cap., LLC, No. 21-CV-4774, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023); Gerrard v. Acara Sols. Inc., 469 F. Supp. 3d 96, 99 (W.D.N.Y. 2020); Cacho v. McCarthy & Kelly LLP, 739 F. Supp. 3d 195 (S.D.N.Y. 2024). Post-Loper and McKesson, however, such reliance is no longer justified. Courts must look to the statute's plain text.

### B. The Supreme Court Has Directed Narrow Construction of TCPA Liability

The Supreme Court has consistently emphasized that the TCPA must be interpreted narrowly according to statutory language. In Facebook, Inc. v. Duguid, 592 U.S. 395, 401–02 (2021), the Court rejected expansive readings of the autodialer provision. Similarly, in Barr v. Am. Ass'n of Political Consultants, Inc., 591 U.S. 69, 74–75 (2020), the Court stressed that TCPA provisions cannot be broadened beyond their express terms. This interpretive approach compels a plain-language reading of "telephone call" in Section 227(c).

### C. Post-McKesson Decisions Confirm That "Telephone Calls" Do Not Encompass Text Messages

District courts applying Loper and McKesson have squarely held that Section 227(c) does not extend to text messages. In Davis v. CVS Pharmacy, Inc., 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025), the court dismissed TCPA claims premised solely on text messages, reasoning that "no ordinary person would think of a text message as a 'telephone call.'" Id. at *1. Citing Bostock v. Clayton Cnty., 590 U.S. 644, 654 (2020), the court emphasized that interpretation must follow "the ordinary public meaning of [a statute's] terms at the time of its enactment." Because text messaging was not a technology in 1991, "telephone call" could not include texts.

Likewise, in Jones v. Blackstone, 2025 WL 2042764 (C.D. Ill. July 21, 2025), the court dismissed TCPA claims based on text messages, holding that "based on a plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages." Id. The court explained that earlier rulings adopting FCC interpretations were decided in a pre-McKesson world where deference to agency rules was required. Now, under ordinary meaning analysis, "telephone call" and "text message" are distinct terms, both historically and in modern usage. Id.

Pre-McKesson district courts in this Circuit relied heavily on FCC guidance in treating text messages as "calls." See, e.g., Gillam v. Reliance First Cap., LLC, No. 21-CV-4774, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) (deferring to FCC regulations to apply § 64.1200 to texts); Gerrard v. Acara Sols. Inc., 469 F. Supp. 3d 96, 99 (W.D.N.Y. 2020) (same); Cacho v. McCarthy & Kelly LLP, 739 F. Supp. 3d 195 (S.D.N.Y. 2024) (relying on FCC's 2003 order equating texts with "calls"). But those cases reflect an era when courts were required to defer to FCC interpretations under Chevron. After Loper and McKesson, such deference is no longer warranted, and courts must apply the statute's text.

Thus, recent post-McKesson authority makes clear that "telephone call" does not encompass text messages under Section 227(c).

8

### D. Application to Plaintiff's Amended Complaint

Here, Plaintiff does not allege receiving "telephone calls" at all. Instead, Plaintiff's Amended Complaint states that "Plaintiff has repeatedly received text messages from Defendant." Am. Compl. ¶ 16. Section 227(c)(5), by its terms, provides a private right of action only to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the regulations. 47 U.S.C. § 227(c)(5) (emphasis added). The phrases "text message" or "SMS message" appear nowhere in the statutory text.

As this court is not bound by the FCC's previous interpretations of the meaning of a "call" herein, this court should look to a "plain reading of the TCPA and its implementing regulations, Section 227(c)(5) does not apply to text messages." Jones, 2025 WL 2042764. An interpretation using the previously mentioned simple ordinary meaning analysis comes to the correct conclusion that as the clear language of Section 227(c)(5) of the TCPA does not include text messages they cannot be construed under the same light as "calls" in the statute.

Further, when considering that text messaging technology was not available in 1991 when congress enacted this statute and congress has not taken it upon itself to incorporate "text messages" into section 227(c)(5) of the TCPA, it is impossible for term "telephone call" to have been intended to be inclusive of text messages or cellphones. While congress may one day decide to expand the statutory definition of a "call" for the purposes of Section 227(c)(5), the Defendant here should not be forced to defend against a cause of action which is not expressly permitted by the clear language of the statute herein.

In this post-McKesson judicial landscape, courts are no longer bound by FCC's expansive interpretations. Instead, they must apply the statute's ordinary meaning. A plain-text reading confirms that text messages cannot be construed as "telephone calls" under Section 227(c).

9

Because Plaintiff's allegations concern only text messages, the claim fails as a matter of law and should be dismissed under Rule 12(b)(6).

## CONCLUSION

Plaintiff's claims are insufficiently pled and, in any event, cannot be sustained against Eden. Plaintiff fails to plausibly allege entitlement to relief, as they have not established that they are the individual who registered the subject phone number on the National Do-Not-Call Registry, as expressly required by Sections 64.1200(c) and 227(c)(5) of the TCPA. Further, Post-<u>Loper</u> and <u>McKesson</u>, Plaintiff's allegations do not bring Defendant's alleged text messages within § 227(c)(5)'s private right of action. Accordingly, Eden Brands Inc. respectfully submits that Plaintiff's Amended Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 19, 2025

                                              **KENNEDYS CMK LLP**

                                              Sean T. Burns
*Attorneys for Defendant*
**EDEN BRANDS INC.**
22 Vanderbilt, 24th Floor
New York, New York 10017
(646) 625-3951
Sean.Burns@kennedyslaw.com