UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHERI BUTLER BROCKINGTON, on behalf of herself
and others similarly situated,                                    Case No.: 1:25-cv-02881
                Plaintiffs,

        -against-

EDEN BRANDS INC.,

                Defendants.
------------------------------------------------------------------X


**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**


                                       **Respectfully Submitted,**

                                       **KENNEDYS CMK LLP**
                                       Sean T. Burns, Esq.
                                       *Attorneys for Defendant*
                                       *EDEN BRANDS INC.*
                                       22 Vanderbilt Avenue, 24th Fl.
                                       New York, New York 10017
                                       Telephone: (646) 625-3951
                                       Sean.Burns@kennedyslaw.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………… ii

INTRODUCTION………………………………………………………………. 1

ARGUMENT…………………………………………………………………….. 2

I.    TEXT MESSAGES ARE NOT CALLS UNDER SECTION 227(c)(5)…… 2

      a.    The Plain Language of Section 227(c)(5) Excludes Text Messages…… 2
      b.    Plaintiff Relies on Inapplicable Precedent Related to Section 227(b)….. 5

II.    PLAINTIFF FAILS TO ALLEGE SHE REGISTERED THE
       PHONE NUMBER TO THE NATIONAL DO NOT CALL REGISTRY…... 6

CONCLUSION…………………………………………………………………… 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Bosley v. A Bradley Hospitality LLC,
    2025 U.S. Dist. LEXIS 183986 (S.D. Fla. Sept. 18, 2025) .................................................. 4

Breda v. Cellco P'ship,
    934 F.3d 1 (1st Cir. 2019) ..................................................................................................... 5

Cacho v. McCarthy & Kelly LLP,
    739 F. Supp. 3d 195 (S.D.N.Y. 2024) .................................................................................. 5

Callier v. American-Amicable Life Ins. Co. of Tex.,
    No. EP-22-cv-00018, 2022 WL 17732717 (W.D. Tex. Oct. 18, 2022) ............................... 7

Campbell-Ewald Co. v. Gomez,
    577 U.S. 153 (2016) .............................................................................................................. 5

Davis v. CVS Pharmacy, Inc.,
    2025 WL 2491195 (N.D. Fla. Aug. 26, 2025) .................................................................. 2, 3

Drazen v. Pinto,
    74 F.4th 1336 (11th Cir. 2023) ............................................................................................. 5

Duran v. La Boom Disco, Inc.,
    955 F.3d 279 (2d Cir. 2020) ................................................................................................. 5

Hall v. Smosh Dot Com, Inc.,
    72 F.4th 983 (9th Cir. 2023) ................................................................................................. 5

Ins. Mktg. Coal. Ltd. v. FCC,
    127 F.4th 303 (11th Cir. 2025) ............................................................................................. 5

Iraola & Cia, S.A. v. Kimberly-Clark Corp.,
    232 F.3d 854 (11th Cir. 2000) .............................................................................................. 4

Jones v. Blackstone,
    2025 WL 2042764 (C.D. Ill. July 21, 2025) ..................................................................... 2, 3

Klassen v. Solid Quote LLC,
    702 F. Supp. 3d 1052 (D. Colo. 2023) ................................................................................. 7

Loper Bright Enterprises v. Raimondo,
    603 U.S. 369 (2024) ................................................................................................. 1, 2, 4, 5

McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,
    606 U.S. 146 (2025) ................................................................................................. 1, 3, 4, 5

Melito v. Experian Mktg. Sols., Inc.,
    923 F.3d 85 (2d Cir. 2019) ................................................................................................... 5

Murch v. GPS Capital Markets, LLC,
    No. 3:24-cv-1854, 2025 WL 2466576 (D. Or. June 6, 2025) .............................................. 7

Nichols v. eHealthInsurance Services, Inc.,
    No. 23-cv-6720, 2025 WL 689721 (N.D. Cal., Mar. 3, 2025) ............................................. 7

Plaintiff's reliance on Wilson v. Medvidi, Inc.,
    2025 WL 2856295 (N.D. Cal. Oct. 7, 2025) ........................................................................ 4

Rogers v. Assurance IQ, LLC,
    No. 2:21-cv-823, 2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) .................................... 6

Rombough v. Robert D. Smith Ins. Agency, Inc.,
    No. 22-cv-15, 2022 WL 2713278 (N.D. Iowa June 9, 2022) ........................................... 6, 7

Sandifer v. U.S. Steel Corp.,
　571 U.S. 220 (2014) .................................................................................................. 3
Satterfield v. Simon & Schuster, Inc.,
　569 F.3d 946 (9th Cir. 2009) ..................................................................................... 5
Watson v. Manhattan Luxury Automobiles, Inc.,
　No. 20 Civ. 4572 (LGS), 2022 WL 4586407 (S.D.N.Y. Sept. 29, 2022) ........................... 7
Wilson v. Medvidi, Inc.,
　2025 WL 2856295 (N.D. Cal. Oct. 7, 2025)……………………………………………… 4

**Statutes**

47 U.S.C. § 227(b)(1)(A) .................................................................................................... 5
47 U.S.C. § 227(c)(5) ................................................................................................. passim
47 U.S.C. §§ 227(a)(4), (c)(1) ............................................................................................ 3
Section 227(b) ............................................................................................................. 2, 5
Section 227(c) ............................................................................................................. 1, 4
Sections 227(a)(4) and (c)(1) ....................................................................................... 3, 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 8

**Regulations**

47 C.F.R. § 64.1200(a) ...................................................................................................... 2

**Other Authorities**

2022 WL 271328 ............................................................................................................... 6

**INTRODUCTION**

Plaintiff Sheri Butler Brockington ("Plaintiff") brings a Telephone Consumer Protection Act ("TCPA") claim under 47 U.S.C. § 227(c)(5) against Defendant Eden Brands Inc. ("Eden") for text messages Eden allegedly sent to her. (ECF No. 22) (First Amended Complaint ¶¶ 10, 47-51.) Her claim under Section 227(c)(5) is defective for two reasons, both warranting dismissal of her First Amended Complaint as explained in Eden's Motion to Dismiss. (ECF No. 27.) Plaintiff's Opposition attempts but fails to fix these fatal defects.[1] (ECF No. 29.)

Section 227(c)(5) liability covers phone calls, not text messages. Plaintiff argues that this Court should conflate text messages with telephone calls under Section 227(c). This argument, however, defies clear statutory language, and relies on non-binding precedent such as the FCC's interpretation of Section 227(c). This Court should look solely at the clear statutory language of Section 227(c)(5) as directed by the Supreme Court in <u>Loper</u> and <u>McKesson</u>. <u>McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.</u>, 606 U.S. 146, 155 (2025) (citing <u>Loper Bright Enterprises v. Raimondo</u>, 603 U.S. 369, 402 (2024)). The plain and ordinary meaning of Section 227(c)(5) extends liability only to those who initiate phone calls, not texts.

Even assuming that Section 227(c)(5) extends liability to texts, neither Plaintiff herself nor someone on her behalf registered the phone number subject to this action on the National Do-Not-Call ("DNC") Registry as required under Section 227(c)(5) of the TCPA. Section 227(c)(5) provides a private cause of action *only* for the person who registered his or her telephone number on the DNC Registry. 47 U.S.C. § 227(c)(5). Plaintiff's First Amended Complaint fails to allege that she registered the phone number on the DNC Registry. (See First

---

[1] It should be noted that Plaintiff's Opposition is longer than the word limit set by Magistrate Judge Ona T. Wang's Individual Practices in Civil Cases, Rule V(d).

Am. Compl. ¶ 15 ("Plaintiff's phone number, 423-718-XXXX, has been on the [DNC] since 2013.").)

# ARGUMENT

## I. TEXT MESSAGES ARE NOT CALLS UNDER SECTION 227(c)(5)

In arguing that text messages are "calls" under Section 227(c) of the TCPA, Plaintiff disregards the statute's plain language, and continues to rely on FCC interpretations, which are no longer binding on this Court. She also relies on judicial decisions related to Section 227(b), not 227(c)(5).

### a. The Plain Language of Section 227(c)(5) Excludes Text Messages

Plaintiff's Section 227(c)(5) claim is based on "text messages" she allegedly received from Eden. But Plaintiff cannot base her Section 227(c)(5) claim on text messages because the statute applies only to *telephone calls*. Section 227(c)(5) states "[a] person who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring an appropriate court of that state . . . ." 47 U.S.C. § 227(c)(5). Thus, "on a plain reading of the TCPA ... Section 227(c)(5) does not apply to text messages." Jones v. Blackstone, 2025 WL 2042764 (C.D. Ill. July 21, 2025); Davis v. CVS Pharmacy, Inc., 2025 WL 2491195 (N.D. Fla. Aug. 26, 2025) (holding that "text messages are not telephone calls" under Section 227(c)(5)).

Plaintiff notes that the FCC signaled its intent to regulate text messages or SMS messages under 47 C.F.R. § 64.1200(a). And Plaintiff spends at least ten pages of her Opposition relying on cases that follow the FCC's signal; however, those cases pre-date Loper Bright and McKesson. Under McKesson and Loper courts must interpret a statute by looking at its text, not administrative decisions. Loper, 603 U.S. at 391-92 (holding that when an agency interprets a statute, judicial review of the agency's interpretation is *de novo*). The Supreme

2

Court in McKesson noted, "[i]n an enforcement proceeding, a district court must independently determine for itself whether the agency's interpretation of a statute is correct." 606 U.S. at 155. It also explained, "[d]istrict courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." Id. Accordingly, this Court must look to the ordinary meaning of Section 227(c)(5).[2]

The plain language of Section 227(c)(5) shows that the statute does not apply to text messages. For starters, the statute explicitly refers to "telephone calls," not text messages or "telephone solicitations." (C.f. Pl.'s Opp. at 6-7 (addressing the definition of "telephone solicitations" and not "telephone calls" as appears in Section 227(c)(5).) The statute remains completely silent on its application to text messages. Further, the definition of "telephone call" does not include text messages. Even if the Court applies today's parlance, "telephone call" means something totally different from text message. See Jones, 2025 WL 2042764, at *4; Davis, 2025 WL 2491195, at *1; Sandifer v. U.S. Steel Corp., 571 U.S. 220, 227 (2014) (finding that unless words are otherwise defined, they "will be interpreted as taking their ordinary, contemporary, common meaning"). As a result, the Court should not delve into the FCC's interpretations of a statute that's clear on its face.

Next, Plaintiff points to provisions beyond Section 227(c)(5), which creates the private right of action she pursues. See 47 U.S.C. §§ 227(a)(4), (c)(1). She contends that because Sections 227(a)(4) and (c)(1) protect consumers rights "to avoid receiving telephone solicitations to which they object" and defines "telephone solicitation" to include "a telephone

---

[2] Plaintiff incorrectly asserts that this Court's standard in reviewing the FCC's interpretation of Section 227(c)(5) is arbitrary-and-capricious review. The Supreme Court in McKesson provided, "[d]istrict courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." 606 U.S. at 155. Crucially, McKesson calls for "appropriate respect," not deference. See id. Thus, this Court can provide "appropriate respect" to an agency's view without adopting a statutory interpretation that conflicts with the ordinary public meaning of clear text.

3

call or message," then Section 227(c)(5) must include texts, too. But these statutes actually undermine her argument since Congress's use of the phrase "telephone call or message" in these neighboring provisions shows that Congress does not use the term "telephone call" to encompass all "messages." This Court, therefore, should not conclude that Congress used the term "telephone call" in Section 227(c)(5) to include messages when it explicitly differentiated "telephone call[s]" and "message[s]" in Sections 227(a)(4) and (c)(1). See also Iraola & Cia, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 859 (11th Cir. 2000) ("[W]hen Congress uses different language in similar sections, it intends different meanings.").

Plaintiff makes a last-ditch attempt to refute this clear matter of law by arguing that when Congress passed the TRACED Act in 2019, Congress adopted the FCC's interpretation that "telephone calls" include text messages. But the TRACED Act, as Plaintiff acknowledges, applies only to Section 227(b) of the TCPA, not Section 227(c). (Pl.'s Opp. at 5.) Moreover, the cases Eden relies on came *after* that Act was passed, so Plaintiff's argument that Congress regulated Section 227(c) when it enacted the TRACED Act is meritless.

Plaintiff's reliance on Wilson v. Medvidi, Inc., 2025 WL 2856295 (N.D. Cal. Oct. 7, 2025) and Bosley v. A Bradley Hospitality LLC, 2025 U.S. Dist. LEXIS 183986 (S.D. Fla. Sept. 18, 2025) is misplaced. These out-of-circuit decisions expand "telephone call" to texts based on policy rather than statutory text. This Court must apply the plain meaning of "telephone call" under § 227(c)(5), which excludes texts. Medvidi and Bosley rely on legislative purpose, the very approach rejected in Loper and McKesson. Notably, the court in Medvidi granted the defendant's motion to dismiss, demonstrating that Plaintiff's own authority found her asserted § 227(c)(5) text-message claim legally insufficient. Both decisions conflict with Jones and Davis, which correctly adhere to the statutory text. Even if accepted, they do not cure Plaintiff's failure to allege personal DNC registration. These cases are neither binding nor persuasive.

4

### b. Plaintiff Relies on Inapplicable Precedent Related to Section 227(b)

Not only does Plaintiff ignore Loper and McKesson, but she also relies on cases brought under a different section of the TCPA, Section 227(b). (Pl.'s Opp. at 2 (citing Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016); Ins. Mktg. Coal. Ltd. v. FCC, 127 F.4th 303, 307 n.2 (11th Cir. 2025); Hall v. Smosh Dot Com, Inc., 72 F.4th 983, 986 (9th Cir. 2023); Breda v. Cellco P'ship, 934 F.3d 1, 4 n.1 (1st Cir. 2019); Melito v. Experian Mktg. Sols., Inc., 923 F.3d 85, 88 - 89 (2d Cir. 2019); Duran v. La Boom Disco, Inc., 955 F.3d 279, 283 - 84 (2d Cir. 2020); Drazen v. Pinto, 74 F.4th 1336, 1346 (11th Cir. 2023); and Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009)).) None of these cases address whether Section 227(c)(5) applies to text messages rather than only phone calls. Instead, each of these decisions interprets text messages as calls in the context of Section 227(b), which renders it 'unlawful for any person ... to make any call ... using any automatic telephone dialing system [('ATDS')] or an artificial or prerecorded voice,' except in an emergency or with the recipient's prior consent, to several enumerated categories of phones." Cacho v. McCarthy & Kelly LLP, 739 F. Supp. 3d 195, 203 - 204 & n.5 (S.D.N.Y. 2024) Citing 47 U.S.C. § 227(b)(1)(A). Section 227(b) proscribes the "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement… Section 227(b) creates a private right of action 'based on a violation of this subsection or the regulations prescribed under this subsection.'" Cacho, 739 F. Supp. 3d 195. Plaintiff does not raise Section 227(b) anywhere in her First Amended Complaint. Thus, these cases have no applicability to this matter.

In sum, this is not a case where a consumer texted "STOP" or placed their number on the do not call list and continued to receive messages in defiance of clear opt-out rights. Rather, Plaintiff never availed herself of these protections and now seeks to stretch Section 227(c)(5)'s

5

plain language to encompass text messages. In this context, her consumer protection argument rings hollow.

## II. PLAINTIFF FAILS TO ALLEGE SHE REGISTERED THE PHONE NUMBER TO THE NATIONAL DO NOT CALL REGISTRY

Even if Section 227(c)(5) extends liability for text messages, Plaintiff fails to allege that she registered the phone number to the DNC Registry. One cannot bring a private right of action under Section 227(c)(5) unless they allege that they or someone on their behalf registered their telephone number on the DNC Registry. 47 U.S.C. § 227(c)(5); e.g., Rombough v. Robert D. Smith Ins. Agency, Inc., No. 22-cv-15, 2022 WL 2713278, at *3 (N.D. Iowa June 9, 2022) (dismissing the plaintiff's Section 227(c)(5) claim because the plaintiff failed to allege that "*she* [herself] registered her telephone on the do-not-call registry"); Rogers v. Assurance IQ, LLC, No. 2:21-cv-823, 2023 WL 2646468, at *4 (W.D. Wash. Mar. 27, 2023) (same).

Plaintiff's First Amended Complaint fails to allege that she herself or someone else on her behalf registered the telephone number on the National DNC Registry. She alleges that the telephone number "has been on the [DNC] Registry since 2013." (First Am. Compl. ¶ 15.) This passive allegation does not make plausible that she or someone on her behalf registered the telephone. E.g., Rombough, 2022 WL 271328, at *3; Rogers, 2023 WL 2646468, at *4. Accordingly, because her allegation implies that someone else, not her or on her behalf, put the telephone number on the DNC Registry, her claim must be dismissed.

Plaintiff resists this conclusion, contending if this Court interprets the statute's language to require individuals to personally register their phone numbers to bring a private cause of action under Section 227(c)(5), it would effectively strip protections from consumers who inherit previously registered numbers. The Court should reject this argument since it overlooks and contradicts the express language of Section 227(c)(5). The plain language of the statute states that a violation occurs only when a person or entity initiates a telephone call to a

6

residential telephone subscriber "who has registered his or her telephone number on the national do-not-call registry." Rombough, 2022 WL 2713278, at *2.

Plaintiff cites several cases that she claims supports her position. The Court, however, should not be persuaded by those cases as they are factually distinguishable. Cf. Klassen v. Solid Quote LLC, 702 F. Supp. 3d 1052, 1055 (D. Colo. 2023) ("*Plaintiff registered* her phone on the Federal Do Not Call Registry in 2007.") (emphasis added); Callier v. American-Amicable Life Ins. Co. of Tex., No. EP-22-cv-00018, 2022 WL 17732717, at *6 (W.D. Tex. Oct. 18, 2022) ("A supremely reasonable inference [is] that Plaintiff's number was registered on the DNC [because] . . . *he did the registering*.") (emphasis added); Murch v. GPS Capital Markets, LLC, No. 3:24-cv-1854, 2025 WL 2466576, at *2 (D. Or. June 6, 2025), report and recommendation adopted in part, rejected in part, No. 3:24-cv-01854, 2025 WL 2770190 (D. Or. Sept. 26, 2025) ("Murch further alleges that her 'telephone number has been listed on the National Do Not Call [("DNC")] Registry . . . [for] [thirty-one] days prior to the calls at issue.'"); Watson v. Manhattan Luxury Automobiles, Inc., No. 20 Civ. 4572 (LGS), 2022 WL 4586407, at *1 (S.D.N.Y. Sept. 29, 2022) ("Plaintiffs . . . received . . . two such text messages in a 12-month period when their phone numbers had been registered on the [DNC Registry] for at least thirty-two days."); Nichols v. eHealthInsurance Services, Inc., No. 23-cv-6720, 2025 WL 689721, at *1 (N.D. Cal., Mar. 3, 2025). Each case involves some allegation that the plaintiff possessed the number *before* the DNC registration occurred, allowing for a plausible inference that the plaintiff was connected to the registration. Plaintiff alleges the exact opposite in this case: she disclaims any connection to the registration and offers no facts to suggest she can assert a claim based on a registration made by an unknown third-party years before she acquired the number that was registered. Thus, the Court should find Plaintiff's non-binding precedent distinguishable and not applicable.

## CONCLUSION

Plaintiff's Opposition fails to refute the arguments put forth in Eden's Motion to Dismiss. Although Plaintiff insists the Court must follow judicial interpretations predating <u>Loper</u> and <u>McKesson</u>, including cases citing the separate unrelated cause of action under 227(b), a plain reading of Section 227(c)(5) shows that text messages are not intended to be construed as "calls." Furthermore, Plaintiff's policy arguments do not establish that they registered the subject phone number on the National DNC Registry, as required by Section 227(c)(5).

Accordingly, Eden respectfully submits that Plaintiff's First Amended Complaint be dismissed in its entirety for failure to state a claim upon which relief can be under Fed. R. Civ. P. 12(b)(6), together with any other relief that the Court deems just and proper.

Dated: New York, New York
October 13, 2025

**KENNEDYS CMK LLP**

Sean T. Burns
*Attorneys for Defendant*
**EDEN BRANDS INC.**
22 Vanderbilt, 24th Floor
New York, New York 10017
(646) 625-3951
Sean.Burns@kennedyslaw.com