**VIA ECF**
Hon. Ona T. Wang, U.S.M.J.
United States District Court
For the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Kennedys**

22 Vanderbilt
24h Floor
New York
New York 10017
USA

T +1 212.252.0004
F +1 212.252.0444

www.kennedyslaw.com

1+646.625.3951

Sean.Burns@kennedyslaw.com

October 27, 2025

Re:  *Sheri Butler Brockington, on behalf of herself and others Similarly situated v. Eden Brands Inc.*
Case No.: 1:25-cv-02881-GHW-OTW

**Letter Motion regarding Notice of Supplemental Authority Concerning Pending Motion to Dismiss**

Dear Hon. Judge Wang,

We represent Defendant Eden Brands Inc. ("Eden") in the above-captioned matter. Pending before Your Honor is Eden's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 22). We write to respectfully inform the Court of a recent decision issued by the Honorable Steven D. Merryday of the United States District Court for the Middle District of Florida, which addresses several of the key issues underlying Plaintiff's claims and directly bears on the primary question presented in Eden's pending Motion. Judge Merryday issued this decision on October 24, 2025, following the completion of briefing on Eden's Motion in this case.

On October 24, 2025, Judge Merryday granted the defendants' motion to dismiss the plaintiff's claims arising under the Do Not Call Registry provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), holding that text messages do not constitute "telephone calls" for purposes of that cause of action. Sayed v. Naturopathica Holistic Health, Inc., 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025).

Naturopathica holds that text messages are not considered calls in the context of TCPA § 227(c)(5). Id. The court noted that district courts are not bound by FCC interpretations, and that courts must "independently determine for [themselves] whether agency interpretation of a statute is correct... but if the text is clear, the analysis begins and ends there." Id.

This court agreed with the holding in Jones v. Blackstone, 2025 WL 2042764 (C.D. Ill. July 21, 2025), stating that "the statutory text here is clear, and a text message is not a 'telephone call...'" (internal citations omitted). El Sayed, 2025 WL 2997759. Furthermore, the court reasoned that "in addition to the fact that in common American English usage, a 'telephone call' and a 'text message' are separate and distinct forms of communication, the term 'text

message' appears elsewhere in the TCPA and related amendments, an appearance that confirms Congress understood the pertinent distinction and legislated mindful of the distinction" (internal citations omitted). Id.

Thus, the decision entered on October 24, 2025, held that "[t]he omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.'" El Sayed, 2025 WL 2997759. Accordingly, Naturopathica provides direct and persuasive support for Defendant's position that the TCPA's Do Not Call provisions do not apply to the text messages at issue in this case. A copy of the decision is attached hereto as **Exhibit A**.

If it would assist the Court, Eden is prepared to submit supplemental briefing addressing the Naturopathica decision and its applicability to the issues raised in Eden's pending motion. We thank the Court for its consideration of this matter.

Respectfully Submitted,

KENNEDYS CMK LLP

Sean T. Burns
*Attorneys for Defendant*
EDEN BRANDS INC.
22 Vanderbilt, 24th Floor
New York, New York 10017
(646)625-3951
Sean.Burns@kennedyslaw.com