**VIA ECF**
Hon. Ona T. Wang, U.S.M.J.
United States District Court
For the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

# Kennedys

22 Vanderbilt
24h Floor
New York
New York 10017
USA

T +1 212.252.0004
F +1 212.252.0444

www.kennedyslaw.com

1+646.625.3951

Sean.Burns@kennedyslaw.com

November 25, 2025

Re: *Sheri Butler Brockington, on behalf of herself and others Similarly situated v. Eden Brands Inc.*
Case No.: 1:25-cv-02881-GHW-OTW

**Response to Plaintiff's Notice of Supplemental Authority Concerning Defendant's Pending Motion to Dismiss**

Dear Hon. Judge Wang,

We represent Defendant Eden Brands Inc. ("Eden") in the above-captioned matter. Pending before Your Honor is Eden's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 27). Eden respectfully submits this response to Plaintiff's Notice of Supplemental Authority (ECF No. 34), which presented this Court with the out-of-circuit decision from *Mujahid v. Newity, LLC*, 2025 WL 3140725 (N.D. Ill. Nov. 10, 2025). This Court is not bound by the decision in *Newity* and should decline to follow its conclusion.

The court in *Newity* erred in concluding that text messages fall within the Do Not Call Registry provision of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c)(5). Its analysis rests on a fundamentally flawed approach to statutory interpretation. The Court acknowledged that "§ 227(c) does not use the term 'text message,'" explaining that "the statute was enacted in 1991, before the first-ever text message was sent in 1992." Id. at *2. Rather than giving effect to the statute's actual language as it existed at the time of its 1991 enactment, the Court instead relied on a 2002 Webster's Dictionary definition of "call" to supply a meaning that Congress did not enact.

This approach is contrary to settled Supreme Court authority requiring courts to interpret statutes according to their text and the ordinary public meaning at the time of enactment, and prohibiting courts from expanding statutory language to encompass later developed technologies. See *Facebook, Inc. v. Duguid*, 592 U.S. 395, 401–02 (2021); *Barr v. Am. Ass'n of Political Consultants, Inc.*, 591 U.S. 69, 74–75 (2020). As the Supreme Court has made clear, courts must interpret statutes as Congress enacted them, not as courts might prefer them to be

Hon. Ona T. Wang, U.S.M.J.
November 25, 2025
Page 2

today. See also *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) ("Every statute's meaning is fixed at the time of enactment.").

Other federal courts have applied these principles correctly, holding that the term "telephone call" could not have included text messages in 1991 because such technology did not yet exist. See *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025), appeal pending No. 25-2398 (7th Cir.) ("Text messaging was not an available technology in 1991… and thus 'telephone call' would not have included text messages or SMS messages."); *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025) (concluding that a text message is not a "telephone call" based on the ordinary meaning at enactment).

If the Seventh Circuit affirms *Jones*, holding that text messages are not "calls" within § 227(c), *Newity* will be irreconcilable with binding precedent in the same Circuit. In any event, this Court should decline to follow *Newity* because its reasoning departs from the statute's text, the TCPA's limited scope as enacted, and controlling Supreme Court interpretive principles.

Furthermore, the court in *Newity* afforded improper and unwarranted deference to FCC interpretations that are non-binding in the post-*Loper* and post-*McKesson* judicial landscape. Although the FCC stated in its 2003 Order that, in some contexts, "calls" include "text messages," that Order addressed text messages only under Section 227(b)'s automated-calling prohibitions, not under the Do Not Call Registry provision at issue here. See *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115–16 at ¶ 165 & nn.603–605 (2003). Section 227(b) creates a separate cause of action that Plaintiff has not invoked. Yet *Newity* relies on precedent interpreting Section 227(b), even though Congress granted different and broader regulatory authority under that subsection than under Section 227(c). Compare 47 U.S.C. § 227(b)(2) with 47 U.S.C. § 227(c)(2).

The FCC also exceeded its authority under Section 227(c) in issuing its 2023 text-message ruling, because the agency's Section 227(c) authority expired in 1992. See 47 U.S.C. § 227(c)(2); *In the Matter of Targeting & Eliminating Unlawful Text Messages*, 38 F.C.C. Rcd. 12247, 12256–57 (2023). Courts must set aside agency action that exceeds statutory limits. *Purl v. United States Dep't of Health & Hum. Servs.*, 760 F. Supp. 3d 489, 500 (N.D. Tex. 2024) ("The APA compels courts to hold unlawful and set aside agency actions that are in excess of statutory jurisdiction, authority, or limitations. 5 U.S.C. § 706(2)(C)."). The central question is whether the agency acted within its statutory bounds, not whether its policy goals are desirable.

The *Newity* Court's reliance on *In the Matter of Emanuel Manny Hernandez* is likewise misplaced. That decision itself improperly relied on the FCC's 2003 and 2015 Orders to conclude that Section 227(c) applies to text messages, even though both Orders addressed text messaging exclusively under Section 227(b). See *In the Matter of Emanuel Manny Hernandez; Click Cash Mktg., LLC; & Rock Solid Traffic*, No. DA18-1291, 2018 WL 6830220, at *1 n.7 (OHMSV Dec. 21, 2018) (citing *In the Matter of Rules & Reguls. Implementing the Tel.*

Hon. Ona T. Wang, U.S.M.J.
November 25, 2025
Page 3

*Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, ¶ 120 (2015); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R. 14014, 14115 (2003)).

In short, *Newity* misapplied the FCC's non-binding guidance, relied on interpretations outside the statutory subsection at issue, and disregarded fundamental limits on agency authority.

FCC rulings and interpretations are not entitled to deference here and are not binding on this Court in light of the Supreme Court's decisions in *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2337 (2024) and *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, No. 23-1226, 2025 U.S. LEXIS 2385, at *8–9 (June 20, 2025). In this post-*Loper* and post-*McKesson* landscape, courts must independently construe federal statutes using the ordinary tools of statutory interpretation, even where Congress delegated certain authority to an agency, and must interpret the statute "as if no agency were involved." *Loper*, 603 U.S. at 400.

Accordingly, Eden respectfully submits that *Newity* offers no persuasive basis to conclude that the TCPA's Do-Not-Call provisions apply to text messages, and should be disregarded. We appreciate the Court's attention to this issue.

Respectfully Submitted,

KENNEDYS CMK LLP

Sean T. Burns
*Attorneys for Defendant*
EDEN BRANDS INC.
22 Vanderbilt, 24th Floor
New York, New York 10017
(646)625-3951
Sean.Burns@kennedyslaw.com