# **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | : : : : : | CIVIL ACTION FILE NO.: 1:25-cv-02881 |
| Plaintiff, | : | |
| v. | : | |
| EDEN BRANDS INC., | : : | |
| Defendant. | : : | |

_____

**PROPOSED AGREED PROTECTIVE ORDER**

_____

In appearing to the court that Defendant Eden Brands Inc., ("Defendant") and Plaintiff Sheri Butler Brockington ("Plaintiff") (collectively, "Parties"), by and through their respective counsel, have agreed to the provisions of this Agreed Protective Order, the Court orders as follows:

1. **DEFINITIONS**

(a) "Confidential Information" means information that constitutes a trade secret or reveals confidential research, development, business, financial, proprietary, or commercial information or personal information that implicates individual privacy interests such as tax or medical information or personal identifying information. Confidential Information does not include information that is in the public domain. However, Confidential Information includes information which has previously been disclosed by the parties to this action within the course of discovery that is already in the receiving Party's lawful possession at the time of its disclosure.

(b) "Confidential Materials" means any document(s), tangible ting(s), testimony, information or other material(s) designated as "CONFIDENTIAL" pursuant to Paragraph 2 of this Order and information contained therein.

(c) "Confidential, Subject to Protective Order – Attorneys' Eyes Only" means Confidential Information or Materials that the producing Party reasonably and in good faith believes contains highly sensitive personal, proprietary, or confidential information, the disclosure of which to the receiving Party or to non-counsel would create a substantial risk of competitive harm, invasion of personal privacy, harassment, misuse outside the scope of this litigation, or other serious prejudice that cannot be adequately avoided by less restrictive means. This definition is not inclusive of information that is publicly available or becomes publicly available through no fault of the receiving Party.

(d) "Permitted Recipients" means those individuals permitted to have access to Confidential Information and Materials protected by this Order. Specific Permitted Recipients are limited in their access to and use of Confidential Information and Materials in the manner described in Paragraph 3 of this Order.

2. **DESIGNATION:**

(a) A document (or portion of a document) or other material that a Party determines in good faith to contain Confidential Information may be designated as such by (i) stamping the word "CONFIDENTIAL" on the document or other material, (ii) otherwise indicating the portion that is so designated, (iii) employing other means provided for in this Order, or (iv) using any other reasonable method agreed to by the Parties.

(b) A document (or portion of a document) or other material that a Party determines in good faith to contain information inclusive of the definition of Paragraph 1 Subsection (c) "Confidential, Subject to Protective Order – Attorneys' Eyes Only" may be designated as such by (i) stamping the word "CONFIDENTIAL ATTORNEYS' EYES ONLY" on the document or other material, (ii) otherwise indicating the portion that is so designated, (iii) employing

other means provided for in this Order, or (iv) using any other reasonable method agreed to by the Parties.

(c) Any inadvertent failure to designate a document (or portion of document) or other material as Confidential Information shall not preclude the Parties from later designating the document or other material, in which event the items subject to such designation shall thereafter be treated as Confidential Material. The Parties shall notify each other of such designation in writing.

(d) A Party May designate as "CONFIDENTIAL" any information contained in documents that are in the possession of a third party if the documents contain Confidential Information, as the case may be.

(e) A Party May designate as "CONFIDENTIAL ATTORNEYS' EYES ONLY" any information contained in documents that are in the possession of a third party if the documents contain, Confidential Information or Materials that the producing Party reasonably and in good faith believes contains highly sensitive personal, proprietary, or confidential information, the disclosure of which to the receiving Party or to non-counsel would create a substantial risk of competitive harm, invasion of personal privacy, harassment, misuse outside the scope of this litigation, or other serious prejudice that cannot be adequately avoided by less restrictive means.

3. **DISCLOSURE OF CONFIDENTIAL INFORMATION:**

(a) Confidential Information, and any summary, description, analysis, or report containing such Confidential Information, shall not be used, discussed, revealed, or disclosed by the receiving Party, except as otherwise herein may be allowed, in any manner or form to any person other than the following Permitted Recipients:

a. Counsel of record for each Party, and members, associates, or employees of their firms, and employees of those firms assigned to assist counsel in the prosecution, defense, or

3

settlement of this action, upon the condition that the counsel of record shall ensure that the confidentiality of such documents is maintained in accordance with this Protective Order;

  b. Inside counsel, paralegals, and legal staff or secretaries of the Parties who are assisting in the prosecution, defense, or settlement of this action, upon the condition that the inside counsel shall ensure that the confidentiality of such documents is maintained in accordance with this Protective Order;

  c. The Parties' experts and consultants and the secretarial and clerical staffs of such experts and consultants (hereinafter "experts"), upon the condition that the experts, for themselves and their staff members, shall agree in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A;

  d. A witness at any deposition or other proceeding in this action provided that such witness has agreed in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A;

  e. The Court, persons employed by the Court, jurors and prospective jurors in this action, appellate courts, mediators employed to help resolve this case, and appellate court personnel performing judicial functions related to this case;

  f. Any court reporter, typist, or videographer recording or transcribing testimony or argument in this action;

  g. Clerical, ministerial, or litigation support

 (b) Notwithstanding any other provision of this Order, access to any information or materials designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be disclosed only to:

  a. The parties counsel of record, including attorneys, paralegals, and litigation support staff employed by such counsel whose access is reasonably necessary for the prosecution or defense of this action;

b.  The Court, including judges, court personnel, and appellate courts and their staff in connection with judicial proceedings in this action and

c.  To any expert witness who meets all of the following three conditions: (1) the expert is not directly employed by Plaintiffs (i.e., third-party experts retained by counsel may have access to the designated information); (2) the expert is not involved in competitive decision-making for the receiving party or for any firm that might gain a competitive advantage from access to information designated as "Confidential, Subject to Protective Order - Attorneys' Eyes Only"; and (3) the expert agrees to be bound by the terms of this Agreed Protective Order.

(c)  Information and Material designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed to the Parties themselves, any officers, directors, employees, or agents of the Parties, any witnesses or potential witnesses, or any other person absent prior written agreement of the producing Party or Order of the Court.

**4.  USE OF CONFIDENTIAL INFORMATION**

(a)  Except as agreed in writing by the Parties, information designated as "CONFIDENTIAL" pursuant to this Protective Order shall be maintained in confidence by the Permitted Recipient(s) to whom it is disclosed; may be used by such Permitted Recipient(s) solely in the prosecution or defense of this case, including any appeal(s), and for no other litigation, business, or other purpose; and may be disclosed by such Permitted Recipient(s) only to another Permitted Recipient in accordance with this Protective Order. All Permitted Recipients shall exercise due and proper care with respect to the storage, custody, and use of all information so designated. Except for information that is required to be produced pursuant to Paragraph 6 or as otherwise agreed by the Parties, in no event shall information designated as confidential be used, disclosed, or referred to in connection with any other action or proceeding either inside or outside of the judicial system.

5

(b)     In the event that a party decides to file with the Court a document that the other party has designated as "CONFIDENTIAL" or designated for "CONFIDENTIAL ATTORNEYS' EYES ONLY," the party seeking to file the document must first notify counsel for the party requesting confidentiality as soon as practicable of the decision to so file. The party requesting confidentiality will have the option of moving the Court to place any such document(s) or portions of documents under seal

(c)     Notwithstanding any other provision of this Order, "CONFIDENTIAL ATTORNEYS' EYES ONLY" information shall be used solely by counsel of record for the Parties, and solely for the purposes of the prosecution or defense of this action, including any appeal. Information designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed, summarized, paraphrased, characterized, or otherwise communicated, directly or indirectly, to the Parties themselves or to any other person not authorized to receive this Information under Paragraph 3.

**5.     CHALLENGE TO DESIGNATION:**

(a)     Any Party may challenge a designation made under Paragraph 2 by written notice of its objection to counsel for the producing Party. Challenge to a designation made under Paragraph 2 may be made either upon the record of the deposition or as provided in the preceding sentence.

(b)     In the event a designation is challenged, the challenging Party and the producing Party shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be informally resolved within ten (10) days, the Party challenging the designation may move for an appropriate ruling from the Court. The material shall continue to be treated under the designation provided by the producing party unless the challenging Party and the producing Party agree in writing or the Court rules to the contrary. In the event the challenging Party applies to the Court for such a ruling, the challenging Party shall have the burden of establishing that the document is not entitled to protection as Confidential Material.

(c)     A Party shall not be obligated to challenge the propriety of the designation made under Paragraph 2 at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

6.     **REQUEST FOR DESIGNATED INFORMATION IN OTHER PROCEEDINGS:**

(a)     Subject to the provisions herein, if another court (except the court in this action), administrative agency, or any other person or entity subpoenas, orders, or otherwise seeks the production of material and/or information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," that a party has obtained through discovery in this case under the terms of this protective order, such Party shall promptly notify the producing Party in writing of the pendency of such subpoena, order, or request, shall object to such production on the basis of this Protective Order, and shall use its best efforts to afford the producing party and opportunity to be heard by the court, administrative agency, or other body prior to any disclosure of Confidential material or information.

(b)     With respect to any material designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY," the producing Party shall have the express right to seek to maintain the "CONFIDENTIAL ATTORNEYS' EYES ONLY," designation, including by requesting that any review be conducted in camera, under seal, or subject to such other protections as the issuing court or body may deem appropriate.

7.     **INADVERTENT PRODUCTION NOT A WAIVER OF PRIVILEGE:**

(a)     The production (whether inadvertent or not) of any document, tangible thing, information, or other material covered by an attorney-client, attorney work product, or other applicable evidentiary privilege that would enable the producing Party to withhold documents, tangible things, information, or other material from production shall not constitute a waiver or impairment of any claim of privilege (including under the attorney client privilege or work

7

product doctrine) concerning any such documents, tangible things, information, or other material or the subject matter thereof.

(b)   The producing Party shall have the right to re-designate as privileged or withhold such documents, tangible things, information, or other material that it produces or has produced. If production occurs, the allegedly privileged materials, together with all copies and notes thereof, shall be returned to the producing Party or, in the case of notes, destroyed, as soon as practicable after demand of the producing Party. Return of the allegedly privileged information in no way prejudices or impairs the returning Party's rights to challenge the privilege contention of producing Party; provided, however, that, if producing Party has made a demand for return as set forth above, the basis of such challenge shall not include an argument that producing Party waived the privilege or protection by production. Any claim of privilege as to any matter inadvertently produced shall be made not later than fourteen (14) days after the discovery of the inadvertent production but in no event later than the close of discovery.

(c)   The disclosure of a document or information without designating it as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," will not constitute a waiver of the right to designate such document or information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" provided that the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production, if the production occurs after the close of discovery. If so designated, the document or information must thenceforth be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" subject to all the terms of this Protective Order.

8.   **RETURN OR DESTRUCTION OF DESIGNATED MATERIAL:**

Within thirty (30) days after final conclusion of all aspects of this action, including all appeals, the Parties shall use reasonable efforts to return to the producing Party or destroy all Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES

ONLY" together and all copies of same (other than exhibits of record and archived tape backup copies provided that the applicable portions of such tapes are not restored from the backups), unless the producing Party agrees in writing to some other disposition. Each Party shall confirm in writing that it has used reasonable efforts to return to the producing Party or to destroy all Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" and all copies of same. The Parties agree that, in the event any all Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" or any copies of same are later found, they shall not be used for any purpose and shall be promptly returned to the producing Party or destroyed. Notwithstanding the foregoing, copies of final versions of attorney work product and briefs, pleadings, written discovery responses, transcriptions of testimony and exhibits thereto, expert reports, evidence adduced at trial, and other court papers prepared or used in this action need not be returned or destroyed, but shall remain subject to the provisions of this Protective Order.

IT IS SO ORDERED this ____ day of _____, 2026

_____
UNITED STATES DISTRICT JUDGE

PRESENTED AND APPROVED BY:

**PARONICH LAW, P.C.**
/s/ *Anthony I. Paronich*
Anthony I. Paronich, (BPR# 678437)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
***Attorneys for Plaintiff***

9

**KENNEDYS CMK LLP**

_____
Sean T. Burns
*Attorneys for Defendant*
EDEN BRANDS INC.
22 Vanderbilt, 24th Floor
New York, New York 10017
(646) 625-3951
Sean.Burns@kennedyslaw.com
***Attorneys for Defendant***

## **EXHIBIT A**

1. I, _____, have read the foregoing Agreed Protective Order (the "Order") entered in an action entitled *Sheri Butler Brockington v. Eden Brands Inc.*, No: 1:25-cv-02881, pending in the United States District Court for the Southern District of New York (the "Action"), and agree to be bound by its terms with respect to any documents, tangible things, information or materials that are furnished to me as set forth in the Order;

2. I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under the Order any documents, tangible things, information, or materials that have been designated "CONFIDENTIAL";

3. I agree that if I am executing this on behalf of my employees, or non-lawyer legal staff as provided in for in the Order, I will take all reasonable steps necessary to ensure that the confidentiality of such information is strictly maintained in accordance with this Order; and

4. I hereby agree that any documents, tangible things, information, or materials furnished to me will be used by me only for the purposes of this Action and for no other purpose and will be returned to the party who furnished such documents, tangible things, information, or materials to me or destroyed.

Signature:_____

Print Name:_____